IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Tina Lindsey, | ) | Case No. 7:25-cv-02691-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The Gannett, Inc., and Charles Wright, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's amended complaint alleging violations of her civil rights and state law claims.  ECF No. 6.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On April 23, 2025, the Magistrate Judge issued a Report recommending this action be dismissed with prejudice, without leave to amend, and without issuance and service of process.  ECF No. 9.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed objections to the Report.  ECF No. 11.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends dismissal of this action based upon res judicata, the R*oker-Feldman*[1] doctrine, and frivolity. Because Plaintiff filed objections, the Court's review has been de novo.

In her objections, Plaintiff states that

> The Rooker Feldman Doctrine does not apply . . . as her federal complaint is not an appeal of the state court's decision but a separate independent claim. Lindsey's federal complaint pertains to a federal question regarding a First

---

[1] The *Rooker-Feldman* Doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See Dist. Of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

Amendment Rights violation that has limited her speech and prevented her from properly redressing her grievances.

Res Judicata does not apply to Lindsey's case as she is not interesting in relitigating her previous state court claim. New evidence has emerged since the last court decision, thus warranting different defendants and new claims.

ECF No. 11 at 1.

With respect to claim preclusion, the Court agrees with the Magistrate Judge that this action is barred by res judicata. *See Catawba Indian Nation v. State*, 756 S.E.2d 900, 907 (S.C. 2014) (explaining that the doctrine of res judicata will bar a claim when "(1) the identities of the parties [or their privies] are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction").[2] Here, as explained in more detail by the Magistrate Judge, the parties are the same parties or privies as the previous action, all claims and grounds for relief in this action are related to those asserted by the plaintiff in Plaintiff's prior action (i.e. surrounding the alleged defamatory newspaper article after the 2003 incident), and there was a prior adjudication of the issue by this Court. Thus, Plaintiff's claims are barred by res judicata.

---

[2] The Court notes that the issue of res judicata may be raised sua sponte. *See Smith v. Spears*, No. CV 2:17-3384-PMD-BM, 2018 WL 4523201, at *3 (D.S.C. Feb. 8, 2018), *report adopted* 2018 WL 2772668 (D.S.C. June 11, 2018), ("While res judicata is ordinarily an affirmative defense, a court may *sua sponte* raise the issue of res judicata in special circumstances where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking res judicata *sua sponte*.").

3

Further, Plaintiff's state law claims are barred by *Rooker-Feldman*.[3] As explained in more detail by the Magistrate Judge, on March 11, 2025, a motion for summary judgment in Plaintiff's state court case was granted, and Plaintiff's state law claims were denied on the merits. Spartanburg County Public Index (enter 2022CP4204770) (last visited April 21, 2026). Because Plaintiff now seeks an order from this Court that would affect state court orders, the state law claims are subject to summary dismissal for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine.

Finally, the Court agrees with the Magistrate Judge that Plaintiff's claims are frivolous. Plaintiff's allegations that a news article from 2003 has been destroying her reputation for 20 years, requesting that the article be removed, and requesting that Defendants prevent any other individual/company from posting the article again are clearly frivolous and lack a basis in the law.

## CONCLUSION

For the foregoing reasons, this action is **DISMISSED** with prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 23, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

---

[3] The *Rooker-Feldman* doctrine is jurisdictional and may be raised by the Court *sua sponte*. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

4

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.